IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **HOME INSTEAD, INC.**, a Nebraska corporation,<br><br>Plaintiff,<br><br>v.<br><br>**MERLE BOYCE**, an individual, and **CHARLES BOYCE, JR.**, an individual,<br><br>Defendants. | Case No. 8:11-cv-00086<br><br><br>**QUALIFIED PROTECTIVE ORDER** |

This matter is before the Court on motion of Home Instead, Inc. ("Home Instead") for a Qualified Protective Order regarding documents subpoenaed from Q&A Health Services, LLC ("Q&A"). The Court being fully advised,

**IT IS HEREBY ORDERED** as follows:

1. Home Instead's motion (filing 32) is granted.

2. Home Instead has issued a subpoena to Q&A, seeking confidential and sensitive documents, including, without limitation, documents constituting protected health information ("PHI"), as that term is defined and set forth in the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), 45 CFR § 160.103. PHI is protected from disclosure by HIPPA and may be protected by other state and federal law.

3. The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive the

subpoenaed PHI from Q&A to the extent and subject to the conditions outlined herein.

4.  As a "covered entity" (as defined by 45 CFR § 160.103), Q&A is hereby authorized to disclose the subpoenaed PHI to all attorneys now of record in this matter or who may become of record in the future of this litigation.

5.  Q&A shall identify all documents that contain PHI that are produced in response to the subpoena served by Home Instead.

6.  All documents produced by Q&A in response to the subpoena served by Home Instead that contain PHI and all deposition testimony in which PHI is discussed or used as an exhibit, are collectively referred to as "Protected Information."

7.  Only the following persons are authorized to receive Protected Information ("Qualified Recipients"):

(a)  The current named parties and any future named parties. Any officer, director, or employee of a corporate party provided with Protected Information shall execute the Certification attached hereto as Exhibit A prior to receipt of the Protected Information;

(b)  Attorneys representing a named party in this action, including all legal associates, clerical, copy service providers, document imaging service providers, database/coding service providers, and temporary or other support staff who are employed by counsel and who have been advised of this Order

(c)  Stenographers or videographers who take and transcribe testimony, as well as necessary secretarial and clerical assistants. Any stenographer or videographer who records testimony in this action at a deposition shall be provided with a copy of this Order by the party noticing the deposition. The noticing party shall advise the stenographer and/or videographer,

before any testimony is taken, that all Protected Information is and shall remain confidential and shall not be disclosed except as provided in the Order.  The noticing party shall further advise the stenographer and/or videographer that copies of all transcripts, reporting notes, videos, DVDs, and all other records of any such testimony must be treated in accordance with the Order.

(d) Experts or consultants who (i) are specially retained to assist with this litigation, (ii) are not a current employee of a party or subsidiary or affiliate of a party, and (iii) execute a Certification attached hereto as Exhibit A;

(e) A person who prepared, received, or reviewed the Protected Information prior to its production in this litigation;

(f) A witness at any deposition or other proceeding in this action and his or her counsel, provided that such witness executes the Certification attached hereto as Exhibit A and is only shown Protected Information during his or her testimony or in preparation for such testimony;

(g) Any mediator retained by the parties in an effort to mediate and/or settle the claims in this action; and

(h) The Court under seal.

8. Protected Information, and the substance or context thereof, shall be used or disclosed solely for the purpose of this action and in accordance with the provisions of this Order.  Protected Information, and the substance and context thereof, shall not be used or disclosed for use in any other litigation or other proceeding or for any other purpose, except by court order or as otherwise required by law.  Protected Information shall only be disclosed to Qualified Recipients, as set forth above in paragraph 4.  Each recipient of Protected Information shall use his/her/its best efforts to maintain all Protected Information in such a manner as to prevent access by individuals who are not Qualified Recipients.

9. Each recipient of Protected Information shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of Protected Information.

10. The parties and their attorneys shall inform each person to whom they disclose or give access to Protected Information the terms of this Order and shall inform the person of his or her obligation to comply with the terms of the Order. Recipients of any Protected Information agree to subject himself/herself/itself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order. The Parties, or their counsel, shall maintain a file of the executed Certifications required by this Order for each person to whom they disclose or give access to Protected Information.

11. Any Protected Information submitted to the Court shall be filed under seal. If Protected Information is offered into evidence at a hearing, trial, or other judicial proceeding, the party offering the Protected Information shall notify the Court and the evidence shall be maintained by the Court under seal.

12. Any transcript of a hearing, trial, or other judicial proceeding in which Protected Information is discussed or offered into evidence shall be placed on the Court's ECF system under seal, in accordance with NEGenR 1.3(a)(1)(B).

13. If a recipient of Protected Information receives a request, subpoena, or other legally enforceable order from a non-party to this action seeking production

or disclosure of Protected Information, that recipient shall promptly give notice by facsimile, electronic mail, or other equally expedient written means to Q&A, identifying the Protected Information sought and enclosing a copy of the subpoena or request. Provided that a timely motion or other application for relief from the subpoena or other request has been filed by Q&A in the appropriate forum, the recipient upon whom the subpoena, order, or other request was served shall not produce or disclose the requested Protected Information without consent of Q&A or until ordered by a court of competent jurisdiction.

14.     Within thirty (30) days of the conclusion of the litigation as to any individual party (which shall be defined as the point at which final orders disposing of the entire case as to any party have been entered, or the time at which all trial and appellate proceedings have been exhausted), that party shall destroy all copies of the Protected Information, including, without limitation, all copies maintained in paper or electronic form, including Protected Information attached to electronic communications, facsimiles, or any other means of communication; and Protected Information used as exhibits during depositions, hearings, trials, or in connection with motions. It is the party's obligation to recover and destroy any copies of Protected Information that the party provided to any other person in connection with the litigation except that: (1) if the party submitted Protected Information to the Court, the Court shall retain Protected Information until all trial and appellate proceedings have been exhausted, at which point the party shall then

recover the Protected Information from the Court, destroy the Protected Information, and certify to Q&A that the Protected Information submitted to the Court has been destroyed; and (2) if the party transferred Protected Information to other parties that are remaining in the litigation, then the remaining parties may retain the Protected Information in their possession until the conclusion of the litigation as to them. The costs of retrieving and destroying Protected Information shall be born by each party, respectively. Each party for whom the litigation has concluded shall certify to Q&A that all Protected Information, including all copies made, have been destroyed.

15. Any additional Protected Information obtained from Q&A during or for this litigation is also subject to the terms of this order. Nothing in this Order authorizes the parties to obtain additional Protected Information from Q&A through means other than those allowed by the Federal Rules of Civil Procedure.

16. This Order shall survive the final termination of this action and shall be binding on the parties and their legal counsel at all times in the future.

**DATED February 2, 2012.**

            **BY THE COURT:**

            **S/ F.A. Gossett**
            **United States Magistrate Judge**

**EXHIBIT A**

**CERTIFICATION**

I hereby certify that I have read the Protective Order filed in <u>Home Instead, Inc. v. Boyce et al.</u>, (Civil Action No. 8:11-CV-00086) and I agree to be bound by all of the provisions thereof.  I further agree that the United States District Court for the District of Nebraska has jurisdiction to enforce the terms of the Protective Order and I consent to jurisdiction of that Court over my person for that purpose.

SIGNATURE: _____

DATED: _____

7